4/12/2019 3:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32749221
By: Falon Boehm
Filed: 4/12/2019 3:28 PM

CAUSE NO. 2019-19289

| | | |
|---|---|---|
| JULIE A. BERNELL | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY | § | 11th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Liberty Insurance Corporation (incorrectly named as "Liberty Mutual Insurance Company") ("Defendant"), and files this Answer to Plaintiff Julie E. Bernell's ("Plaintiff") Original Petition, and would respectfully show the Court as follows:

### GENERAL DENIAL

**1.**

Pursuant to Rule 92, Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations set forth in Plaintiff's Original Petition and demand strict proof thereof.

### SPECIFIC DENIALS

**2.**

Defendant further specifically denies Plaintiff's allegations of breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of the Texas Insurance Code, and all other causes of action alleged.

**EXHIBIT
B**

**3.**

By way of further Answer, Defendant specifically denies that all conditions precedent to Plaintiff's causes of action and claims for breach of contract and violations of the Texas Insurance Code and the Texas DTPA have occurred, in the following respects:

(a) Plaintiff has not given Defendant notice in writing in the form and manner required by the Texas Insurance Code;

(b) Plaintiff has not given Defendant notice in writing in the form and manner required by the Texas DTPA;

(c) Plaintiff has not complied with her duties after loss as required by the Texas Insurance Policy on which she bases her breach of contract claim; and

(d) Plaintiff has not made the repairs and/or replaced the allegedly damaged insured property so as to entitle her to compensation for replacement cost value as required by the Texas Insurance Policy on which she bases her claims.

**4.**

Defendant specifically denies that Plaintiff is owed any additional amounts under the policy for alleged losses for the property damages asserted which form the basis of Plaintiff's claims and causes of action herein.

**5.**

Defendant specifically denies that appropriate pre-suit notice was given, in accordance with Texas law, and denies Plaintiff's rights to recover attorneys' fees, expenses, and costs in this action.  In the alternative, Defendant would show that Plaintiff's presentment of her claim constitutes an excessive and unreasonable demand, and therefore, Plaintiff is precluded from a recovery of attorneys' fees and expenses.

2

**6.**

Defendant specifically denies that it committed any wrongful acts or that it acted "knowingly" or "intentionally" as those terms are defined by Section 541 of the Texas Insurance Code and the Texas DTPA.

**7.**

Defendant further asserts, to the extent applicable, the defenses provided by §17.49(c), TEX. BUS. & COMM. CODE in that Defendant's adjustment of the claim at issue involved the rendering of professional service the essence of which is the provision of advice, judgment, opinion, or similar professional skill.

**8.**

Defendant denies that it has waived or is estopped from asserting any defenses in tort or in contract.

**9.**

Defendant specifically denies that it failed to issue an explanation of benefits letter, an estimate of damages, or that it otherwise failed to provide Plaintiff a full explanation of the results of the claims process.

**AFFIRMATIVE DEFENSES**

**10.**

Defendant further specifically asserts that the subject policy only affords Plaintiff the replacement cost value of covered damages after the damaged or destroyed property has actually been repaired or replaced.

**11.**

Defendant would show as an affirmative defense to Plaintiff's claims that certain property damage asserted by Plaintiff to be compensable under the insurance policy comes in fact from a risk or cause coming within a particular exception to the general liability under the policy.   Defendant would show that Plaintiff's loss, in whole or in part comes from a risk or cause excepted by the policy.

**12.**

Pleading further, Defendant would show that Plaintiff has failed to mitigate her damages in that she failed to protect the property from further damage and/or to make reasonable and necessary repairs to protect the property.

**13.**

With regard to all of the Plaintiff's extra-contractual claims, Defendant asserts a bona fide coverage dispute.

**14.**

Pleading further, Defendant would show that no act or omission of Defendant was the proximate cause of any injury to Plaintiff.

**15.**

Defendant asserts the affirmative defense of excessive demand with respect to Plaintiff's claim for attorneys' fees.

**16.**

Defendant additionally pleads the common law Doctrine of Concurrent Causation as relates to covered versus non-covered perils, with respect to the proximate cause of the damages

alleged to Plaintiff's property and/or contents, which give rise to the subject matter of this lawsuit.

## 17.

Pleading further, Defendant would show the Court that, to the extent any particular covered damage items were omitted from original assessment or payment, the cause for same results from the Plaintiff's material breach of the subject insurance policy, failure to comply with conditions precedent, and/or Plaintiff's contributory negligence in failing to timely, fully, and/or properly identify and report such item or items of damage to Defendant or to Defendant's agents. Defendant contends that Plaintiff had a duty to do so and failed to fulfill that duty, thus causing and/or contributing to cause the damages now claimed in this case.  Defendant also pleads the affirmative defenses of estoppel and waiver relative to any theory of recovery alleged by Plaintiff on the basis that an item of loss was not addressed, not investigated, and/or omitted from adjustment by Defendant.

## 18.

While continuing to deny that Plaintiff's injuries and damages, if any, were proximately caused by Defendant, pursuant to Chapter 33, Texas Civil Practice & Remedies Code, Defendant requests a determination of whether the purported injuries and damages to Plaintiff were proximately caused or produced by the conduct of Plaintiff and/or other persons or parties, and if so, the percentage of such causation attributable to Plaintiff and/or other persons or parties found to have been a cause of any of Plaintiff's purported injuries, losses, or damages, and to reduce and/or apportion the judgment, if any, by the degree of such causation attributed to Plaintiff, other persons or parties.

**19.**

Plaintiff's injuries, losses, and damages, if any, were the result, in whole or in part, of pre-existing or subsequent conditions and were not the result of any act or omission on the part of answering Defendant.

**20.**

\## Pleading further, Defendant denies any liability to Plaintiff for alleged extra-contractual damages.  Defendant further pleads that any award to Plaintiff of exemplary, additional, treble, or punitive damage or penalties is limited as prescribed by Chapter 41, Texas Civil Practice & Remedies Code, and Texas Insurance Code sections 541.152 and 542.060.

**21.**

Pleading further, Defendant states that any claims against it concerning the adjustment of Plaintiff's losses are based on the rendering of a professional service by Defendant's adjusters, the essence of which is providing a judgment or opinion.  Plaintiff's claims, in whole or in part, are based on the adjuster's rendering of a professional opinion as to the extent, amount, and coverage of Plaintiff's losses, and accordingly, any causes of action asserted under the Texas Deceptive Trade Practices Act (DTPA) are precluded by § 17.49(c) of that Act.

**22.**

**Reservation of Appraisal Rights**

By appearing and answering herein, Defendant does not waive, and expressly reserves, its right under the policy to demand an appraisal for determination of the actual cash value amount of loss with respect to the property damage claims Plaintiff asserted in this lawsuit.

**23.**

**REQUEST FOR DISCLOSURE**

Pursuant to the Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose, within thirty (30) days of service of this request, the information and material described in Texas Rules of Civil Procedure 194.2(a)-(l).

**WHEREFORE, PREMISES CONSIDERED**, Defendant Liberty Insurance Corporation (incorrectly named as "Liberty Mutual Insurance Company"), prays that, upon final hearing of this cause, the Court enter a judgment that Plaintiff take nothing by way of her claims and causes of action against Defendant, that all costs of court be assessed against Plaintiff, and for such other and further relief, at law or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:    /s/ *J. Mark Kressenberg*
       J. Mark Kressenberg
       State Bar No. 11725900
       jkressenberg@sheehyware.com
       Travis Cade Armstrong
       State Bar No. 24069312
       tarmstrong@sheehyware.com
       2500 Two Houston Center
       909 Fannin
       Houston, Texas  77010
       713-951-1000
       713-951-1199 – Facsimile

       **ATTORNEYS FOR THE DEFENDANT**
       **LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via certified mail return receipt requested, messenger delivery, e-filing, e-mail, or facsimile transmission in accordance with the Texas Rules of Civil Procedure on April 12, 2019 to the following counsel of record:

*Via E-Service: notifications@lanelaw.com*
Robert C. Lane
Jack D. Kitchen
THE LANE LAW FIRM, PLLC
6200 Savoy Drive, Suite 1150
Houston, TX 77036-3300


*/s/ J. Mark Kressenberg*
J. Mark Kressenberg/Travis Cade Armstrong


3440015_1

8

4/12/2019 3:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32749994
By: SHANNON NORTH-GONZALEZ
Filed: 4/12/2019 3:35 PM

CAUSE NO. 2019-19289

| | | |
|---|---|---|
| JULIE A. BERNELL | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY | § | 11th JUDICIAL DISTRICT |

## DEFENDANT'S SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Liberty Insurance Corporation (incorrectly named as "Liberty Mutual Insurance Company") ("Defendant"), and files these Special Exceptions to Plaintiff Julie E. Bernell's ("Plaintiff") Original Petition.

### SPECIAL EXCEPTIONS

Pursuant to Rule 91, Texas Rules of Civil Procedure, Defendant hereby makes the following Special Exceptions to Plaintiff's Original Petition, and in support thereof would show the Court as follows:

**1.**

Defendant specially excepts to Paragraphs 5-7 of Plaintiff's Original Petition to the extent they attempt to condition or avoid making a specific claim for relief. The Texas Rules require a specific claim of relief to allow the Court and Defendant notice of how discovery and deadlines should be handled in this case. Plaintiff is attempting to avoid providing the required claim of relief that would provide notice of the actual damages sought in this case.

**2.**

Defendant specially excepts to Paragraphs 8-19 and 24-31 of the Original Petition to the extent they purport to state or otherwise support common law causes of action for

misrepresentation or negligent misrepresentation or statutory claims for violations of the DTPA or Texas Unfair Settlement Practices Act on the basis of misrepresentation.  With respect to any common law cause of action, Defendant specially excepts to Plaintiff's allegations in Paragraphs 8-19 and 24-31 on the basis that they wholly fail to allege sufficient facts to give Defendant fair notice of the material misrepresentations at issue or the acts showing Defendant knew any such representation was false.  Defendant further specially excepts that the allegations in the Original Petition fail to give fair notice of how Plaintiff "justifiably relied" on any such material misrepresentations, or how such misrepresentations as to her were a "producing cause" of her damages and losses, as required to state a *prima facie* claim for misrepresentation.  *See Rencare, Ltd. v. United Medical Resources*, 180 S.W.3d 160, 166 (Tex. App.—San Antonio 2005, no pet.).

With respect to any claimed violation of Insurance Code § 541.060(a)(1), Defendant specially excepts to Paragraphs 8-19 and 24-31 on the basis that the language therein fails to identify the alleged representations of Defendant, or the items of property damage coverage which are supposedly the subject of such representations, thus making it virtually impossible to "ascertain the nature and basic issues of the controversy and the testimony probably relevant" to the defense of Defendant with respect to any misrepresentation claim(s).

Defendant requests the Court order Plaintiff to plead sufficient facts as to give it fair notice of the representation(s) it is charged with, the specific property damage claims such representations are supposed to have been made about, and the actual damages Plaintiff claims such representations are alleged to have proximately caused, so as to enable Defendant to determine "the testimony probably relevant" to its defense, and give it fair notice of the facts

giving rise to the claims against it.  Alternatively, in the event Plaintiff fails to replead such allegations, Defendant requests the Court strike them from the pleadings.

**3.**

Defendant specially excepts to Paragraphs 8-19 and 24-31 of the Original Petition to the extent they purport to state or otherwise support a cause of action for violations of the Texas Deceptive Trade Practices Act against Defendant.  Defendant states that any claims against it concerning the adjustment of Plaintiff's losses are based on the rendering of a professional service by Defendant and/or its adjusters, the essence of which is providing a judgment or opinion.  Plaintiff's claims, in whole or in part, are based on the adjuster's rendering of a professional opinion as to the extent, amount, and coverage of Plaintiff's losses, and accordingly, any causes of action asserted under the Texas Deceptive Trade Practices Act (DTPA) are precluded by § 17.49(c) of that Act.

**4.**

Defendant specially excepts to Paragraphs 8-19 and 35-38 of the Original Petition to the extent they purport to state or otherwise support a cause of action for breach of the duty of good faith and fair dealing.  Under well-established Texas law, a breach of the duty of good faith and fair dealing occurs in first-party insurance claims when there is a denial or delay in payment after the party knew or should have known it was reasonably clear the claim was covered.  *Texas Mut. Ins. Co. v. Ruttiger*, 265 S.W.3d 651 (Tex. App.—Houston [1st Dist.] 2008, pet. filed) (quoting *Universal Life Ins. Co. v. Giles*, 950 S.W.2d 48, 49 (Tex.1997)).  Defendant specially excepts that the allegations as set forth in Paragraphs 8-19 and 35-38 of the Original Petition fail to sufficiently plead the requisite elements of a cause of action for breach of the duty of good faith

3

and fair dealing.  *See Ross v. Goldstein*, 203 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2006, no writ).

Furthermore, the pleading fails to state allegations sufficient to meet the requirement that the insurer "knew or should have known it was reasonably clear the claim was covered" in that the pleading fails to identify which particular property damage claims are allegedly known or should have been known by Defendant to be covered.

Defendant further specially excepts to the allegations of Paragraphs 8-19 and 35-38 because the allegations fail to state a legally cognizable cause of action against it for breach of the duty of good faith and fair dealing.

Defendant therefore requests the Court to dismiss the claims of bad faith against it or, alternatively, order Plaintiff to plead sufficient facts as to give it fair notice of the: (1) property damage claim(s) which is alleged to have not been paid or have been delayed in being paid; and (2) the facts and/or circumstances giving rise to the allegation that Defendant knew or should have known it was reasonably clear these claims were covered by the policy, so as to enable Defendant to determine "the testimony probably relevant" to its defense against Plaintiff's bad faith claim(s), and give it fair notice of the facts giving rise to the claims against it in order to be able to prepare its defense.

**5.**

Defendant further specially excepts to the allegations in Paragraphs 8-19 and 41-49 of the Original Petition in so far as they seek to establish a right to recover additional or exemplary damages.  Plaintiff is not entitled to exemplary damages for a violation of Chapter 541 of the Texas Insurance Code.  TEX. CIV. PRAC. & REM. CODE §41.002(d); *Safeway Managing General Agency v. Cooper*, 952 S.W.2d 861, 869 (Tex. App.—Amarillo 1997, no writ).  Defendant also

4

specially excepts to those sections of the Original Petition on the grounds that there have been no

actual damages awarded to Plaintiff for an injury independent of the loss of policy benefits.

*Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 (Tex. 1997).

**6.**

Defendant further specially excepts to the allegations in Paragraphs 8-38 in that they fail

to identify the date of loss for the insurance claim forming the basis of this lawsuit, thereby

making it impossible for Defendant to identify the insurance claim at issue and the factual basis

for the causes of action asserted.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Liberty Insurance

Corporation (incorrectly named as "Liberty Mutual Insurance Company") prays that this Court

grant these Special Exceptions to Plaintiff's Original Petition, and for such other and further

relief, at law or in equity, as to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:   */s/ J. Mark Kressenberg*
J. Mark Kressenberg
State Bar No. 11725900
jkressenberg@sheehyware.com
Travis Cade Armstrong
State Bar No. 24069312
tarmstrong@sheehyware.com
2500 Two Houston Center
909 Fannin
Houston, Texas  77010
713-951-1000
713-951-1199 – Facsimile

**ATTORNEYS FOR THE DEFENDANT**
**LIBERTY INSURANCE CORPORATION**

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via certified mail return receipt requested, messenger delivery, e-filing, e-mail, or facsimile transmission in accordance with the Texas Rules of Civil Procedure on April 12, 2019 to the following counsel of record:

*Via E-Service: notifications@lanelaw.com*
Robert C. Lane
Jack D. Kitchen
THE LANE LAW FIRM, PLLC
6200 Savoy Drive, Suite 1150
Houston, TX 77036-3300
(713) 595-8200
(713) 595-8201 – Facsimile


*/s/ J. Mark Kressenberg*
J. Mark Kressenberg/Travis Cade Armstrong


3440027_1

6

4/12/2019 3:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32749678
By: Iris Collins
Filed: 4/12/2019 3:31 PM

CAUSE NO. 2019-19289

| | | |
|---|---|---|
| JULIE A. BERNELL | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY | § | 11th JUDICIAL DISTRICT |

**DEFENDANT'S JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Liberty Insurance Corporation (incorrectly named as "Liberty Mutual Insurance Company") ("Defendant") and files this Jury Demand.  Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby demands a jury trial in this cause and contemporaneously tenders the required fee.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:     */s/ J. Mark Kressenberg*
         J. Mark Kressenberg
         State Bar No. 11725900
         jkressenberg@sheehyware.com
         Travis Cade Armstrong
         State Bar No. 24069312
         tarmstrong@sheehyware.com
         2500 Two Houston Center
         909 Fannin
         Houston, Texas  77010
         713-951-1000
         713-951-1199 – Facsimile

**ATTORNEYS FOR THE DEFENDANT
LIBERTY INSURANCE CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via certified mail return receipt requested, messenger delivery, e-filing, e-mail, or facsimile transmission in accordance with the Texas Rules of Civil Procedure on April 12, 2019 to the following counsel of record:

       *Via E-Service: notifications@lanelaw.com*
       Robert C. Lane
       Jack D. Kitchen
       THE LANE LAW FIRM, PLLC
       6200 Savoy Drive, Suite 1150
       Houston, TX 77036-3300
       (713) 595-8200
       (713) 595-8201 – Facsimile


                           */s/ J. Mark Kressenberg*
                           J. Mark Kressenberg/Travis Cade Armstrong

3440024_1